IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN LLOYD, as SPECIAL ADMINISTATOR OF THE ESTATE OF AARON GREENE, deceased<br><br>plaintiff<br><br>*versus*<br><br>UNITED STATES OF AMERICA<br>defendants | Case No.: |

# COMPLAINT AT LAW

### *PROCEDURAL BACKGROUND*

The plaintiff, ERIN LLOYD, as SPECIAL ADMINISTATOR OF THE ESTATE OF AARON GREENE, deceased, by plaintiff's attorneys, MUNDAY & NATHAN, and states the following procedural background;

1. This is a claim that is brought pursuant to the Federal Tort Claims Act.

2. The claim arises out of the alleged medical negligence of ROCHELLE HAWKINS, M.D. who was providing medical care, advice and treatment to the claimant in the capacity as a federal government employee with her work at a federally owned medical facility known as Family Christian Health Center located in Harvey, Illinois.

3. A compliant was timely filed in the Circuit Court of Cook County and was removed to federal court.

4. The case was then dismissed without prejudice because the plaintiff failed to exhaust administrative remedies. (see order attached)

5. The plaintiff has exhausted the administrative remedies and has received a letter

1

dated January 31, 2019 from the Department of Health & Human Services in which the plaintiff was advised that the claim is being denied. (see attached)

## COUNT I
## WRONGFUL DEATH

The plaintiff, ERIN LLOYD, as SPECIAL ADMINISTATOR OF THE ESTATE OF AARON GREENE, deceased, by plaintiff's attorneys, MUNDAY & NATHAN, and makes the following allegations against the defendant, UNITED STATES OF AMERICA.:

1. At all relevant times, the defendant, ROCHELLE HAWKINS, M.D., was a physician, duly licensed by the state of Illinois, to practice medicine in all its branches.

2. Prior to and after May 17, 2015 the plaintiff, AARON GREENE, was a patient under the care of the defendant.

3. On May 17, 2015 AARON GREENE was seen by the defendant, at Family Christian Health Center and had complaints of chest pain.

4. AARON GREENE had a history of smoking, hypertension and other risks commonly associated with coronary artery disease.

5. On May 17, 2015 the defendant took a history and examined AARON GREENE and recommended a course of treatment which AARON GREENE undertook upon the advice of the said defendant.

6. At all times mentioned herein, ROCHELLE HAWKINS, M.D. was acting as employee of the federal government in her capacity as a doctor employed by the federally owned medical facility.

7. At all times mentioned herein, it became and was the duty of the defendant, UNITED STAES OF AMERICA, by its employee ROCHELLE HAWKINS, to exercise due care and

2

caution in the examination, diagnosis, and treatment of AARON GREENE, plaintiff's decedent.

8. The defendant, UNITED STAES OF AMERICA, by its employee ROCHELLE HAWKINS, M.D., was guilty of one or more of the following careless and negligent acts or omissions in the examination, treatment or diagnosis of the plaintiff:

(a) carelessly and negligently failed to prescribe a treatment plan to determine the likely cause(s) of his complaints of chest pain;

(b) carelessly and negligently failed to order the proper and necessary tests to make an earlier diagnosis of occlusive atherosclerotic coronary artery disease and chronic ischemic heart disease;

(c) carelessly and negligently failed to treat the heart condition(s) in a timely fashion;

(d) carelessly and negligently failed to refer AARON GREENE to a physician who specializes in the diagnosis and treatment of conditions similar to AARON GREENE'S;

9. As a direct and proximate result of the aforesaid, AARON GREENE'S, atherosclerotic coronary heart disease went undiagnosed and untreated and he sustained an acute myocardial infarction which led to his death on January 14, 2016 and his survivors have suffered injuries of a personal and pecuniary nature, including but not limited to loss of society, companionship, guidance, grief and material services and support

10. The plaintiff, ERIN LLOYD, as SPECIAL ADMINISTATOR OF THE ESTATE OF AARON GREENE, deceased, brings this action pursuant to the FEDERAL TORT CLAIMS ACT and 740 ILCS 180/1, commonly known as the Wrongful Death Act of the State of Illinois.

11. The plaintiff's decedent left surviving him, his daughter, ERIN LLOYD and his son ERIC GREENE.

WHEREFORE, the plaintiff, ERIN LLOYD, as SPECIAL ADMINISTATOR OF THE ESTATE OF AARON GREENE, deceased asks judgment against the defendant, UNITED

STAES OF AMERICA, for the sum stated in the Form 95 of $2,000,000, which will fairly compensate the plaintiff for the injuries sustained.

                                        MUNDAY & NATHAN

33 North Dearborn Street  
Suite 2220  
Chicago, IL 60602                     By: _____  
(312) 346-5678                           Edward G. Proctor, Jr.  
                                          Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN LLOYD, as SPECIAL ADMINISTATOR OF THE ESTATE OF AARON GREENE, deceased<br><br>plaintiff<br><br>*versus*<br><br>UNITED STATES OF AMERICA<br>defendants | Case No.: |

### CERTIFICATE OF MERIT

1. That I am a physician duly licensed to practice medicine and currently practice or teach in the specialty of medicine at issue involved in this particular case.

2. That I am knowledgeable in the relevant issues involved in this particular case.

3. That I currently practice or teach, and have practiced or taught within the last six (6) years, in the same area of healthcare medicine that is at issue in this particular action.

4. That I have reviewed the records concerning the medical treatment provided to AARON W. GREEN by Dr. Hawkins.

5. Upon reviewing the aforementioned medical records, it is my opinion that Dr. Hawkins deviated from acceptable standards of medical care in the following manners:

    a. To summarize briefly, Mr. GREENE had a history of smoking, hypertension and diabetes, - risks associated with coronary artery disease and was seeing Dr. Hawkins several times at her office for almost a year in 2015. At one point Mr. Greene came to her office on 05/07/2015 with a chief complaint of chest pain.

    b. At the visit on 05/07/2015 Dr. Hawkins, relative to his complaints of chest pain, did not take and record an appropriate history, conduct and record any examination, order necessary tests for his complaints, refer him to a cardiologist, order a stress test or provide him with any medication that would be appropriate for his complaints.

    c. It is my opinion that Dr. Hawkins' failures as described above constituted significant deviations from the standard of care.

    d. As a consequence of Dr. Hawkins' failures, Mr. Greene's atherosclerotic coronary heart disease went undiagnosed and untreated which directly led to him suffering a fatal heart attack.

Therefore, it is my opinion that there is a meritorious claim of medical negligence against the UNITED STATES OF AMERICA as the principal and employer of Dr. Hawkins.


FURTHER AFFIANT SAYETH NOT.

                                                                                                 _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN LLOYD, as Special Administrator of the Estate of AARON GREENE, deceased<br><br>Plaintiff<br><br>*versus*<br><br>UNITED STATES OF AMERICA<br><br>Defendant | NO: |

## AFFIDAVIT

YOUR AFFIANT, EDWARD G. PROCTOR, JR., attorney for the plaintiff herein, ERIN LLOYD, as Special Administrator of the Estate of AARON GREENE, deceased being first duly sworn, deposes and states that:

1. I am the attorney for the Plaintiff herein, ERIN LLOYD, as Special Administrator of the Estate of AARON GREENE, deceased.

2. I have consulted and reviewed the facts surrounding the treatment of ERIN LLOYD, as Special Administrator of the Estate of AARON GREENE, deceased, with a licensed physician who I reasonably believe is knowledgeable in the relevant issues involved in this particular action.

3. The said reviewing physician practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action.

4. The said reviewing physician is qualified by experience or has demonstrated competence in the subject of this case and has determined after a review of plaintiff's

medical records and other relevant material, that there is a reasonable and meritorious cause for the filing of this action.

5. I have concluded, on the basis of the said review and consultation of the reviewing physician, that there is a reasonable and meritorious cause for the filing of this action.

                                                        Edward G. Proctor, Jr.

Subscribed and sworn to
before me this 21st day of March, 2019.

NOTARY PUBLIC

MABEL DOMINGUEZ
Official Seal
Notary Public – State of Illinois
My Commission Expires Jun 30, 2021

Case: 1:18-cv-03277 Document #: 10 Filed: 05/22/18 Page 1 of 1 PageID #:33

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.2.1
### Eastern Division

| | | |
|---|---|---|
| Erin Lloyd | | |
| | Plaintiff, | |
| v. | | Case No.: 1:18−cv−03277 |
| | | Honorable Ruben Castillo |
| United States of America, et al. | | |
| | Defendant. | |

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, May 22, 2018:

    MINUTE entry before the Honorable Ruben Castillo: Motion hearing held on 5/22/2018. United States' motion to dismiss for failure to exhaust administrative remedies [6] is granted. This case is dismissed without prejudice until Plaintiff has exhausted any administrative remedies.Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, SW.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2369
Fax: (202) 691-2035

Date: JAN 3 1 2019

<u>**U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED**</u>
(Article No.: 7016 1370 0001 3674 5595)

Edward G. Proctor, Jr., Esq.
Law Offices of Munday & Nathan
33 North Dearborn Street, Suite 2220
Chicago, IL 60602

Re: <u>**Administrative Tort Claim of Erin Lloyd, as Special Administrator of the Estate of Aaron Greene,**</u> Claim No. 2018-0412

Dear Mr. Proctor:

On April 30, 2018, on behalf of your client, Erin Lloyd, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, for the alleged wrongful death of Aaron Greene, alleging, *inter alia*, that, Dr. Rochelle Hawkins, an employee of Family Christian Health Center, located in Harvey, Illinois, failed to diagnose and treat Mr. Greene's atherosclerotic heart disease, resulting in Mr. Greene suffering a heart attack and dying on January 14, 2016.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of this administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Erin Lloyd, as special administrator of the Estate of Aaron Greene, is denied. Your client's claim was received on April 30, 2018, more than two years after the cause of action accrued, and is, thus, untimely under the FTCA.

If your client is dissatisfied with this determination, she is entitled to:

1. file a written request with the agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Edward G. Proctor, Jr., Esq.
Re: Claim No. 2018-0412
Pg. 2

    2.    file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the agency will review the claim within six (6) months from the date the request is received. If the reconsidered claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

William A. Biglow
Deputy Associate General Counsel
Claims and Employment Law Branch